# PLAINTIFF'S EXHIBIT 5

John West, Register
Robertson County Tennessee
Rec #: 343670   Instrument #: 416090
Rec'd:    30.00          Recorded
State:     0.00    5/19/2023 at 1:35 PM
Clerk:     0.00       in Record Book
Other:     2.00
Total:    32.00          **2251**
                      Pages 589-594

**After Recording Mail To:**
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: ▇▇▇
Investor Loan No.: ▇▇▇

FHA Case No.: ▇▇▇

# PARTIAL CLAIM DEED OF TRUST

THIS SUBORDINATE DEED OF TRUST ("Security Instrument") is given on April 21st, 2023 among the Grantor WILLIAM LOVELL, AN UNMARRIED MAN, whose address is 127 SYCAMORE ROAD, GREENBRIER, Tennessee 37073 ("Borrower"). The trustee is Jerry Anthony Bridenbaugh, Esquire ("Trustee"). The beneficiary is the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street. SW. Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of twenty eight thousand five hundred sixty nine and 03/100 Dollars (U.S. $28,569.03). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on September 1st, 2050. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably warrants, grants and conveys to Trustee in trust, with power of sale, the following described property located in ROBERTSON County, Tennessee:

"**Maximum Principal Indebtedness for Tennessee Recording Tax Purposes is $0.00. Exempt transaction, governmental agency is holder of indebtedness.**"

Loan No.: ███

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

This being the same property conveyed from BILLY W. PHILLIPS AND WIFE, TENA W. PHILLIPS AKA TINA W. PHILLIPS AND AKA TENA SUE PHILLIPS unto WILLIAM LOVELL, AN UNMARRIED MAN by deed recorded August 12th, 2020 and recorded in Book 1985, Page 347, Instrument No. 367098.

which has the address of 127 SYCAMORE ROAD, GREENBRIER, Tennessee 37073 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.
1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph.

Loan No.: ███████

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 4. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. If the Property is sold pursuant to this Section 7, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of the purchaser and hereby agrees to pay the purchaser the reasonable rental value of the Property after sale.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 E.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or Applicable Law.

**8. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

Loan No.: ▓▓▓▓▓

9. **Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

10. **Waivers.** Borrower waives all right of homestead, equity of redemption, statutory right of redemption and relinquishes all other rights and exemptions of every kind, including, but not limited to, a statutory right to an elective share in the Property

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it. IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

_____     _____(Seal)
Date                                 WILLIAM LOVELL                –Borrower

_____     _____(Seal)
Date                                                              –Borrower

_____     _____(Seal)
Date                                                              –Borrower

_____     _____(Seal)
Date                                                              –Borrower

_____[Space Below This Line For Acknowledgment]_____

State of _Tennessee_ §
County of _Smith_ §
                §

On this _6th_ day of _May_, _2023_, [date], before me personally appeared WILLIAM LOVELL to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that such person (or persons) executed the same as such person (or person's) free act and deed.

(Seal)                                _____
                  [SETH McRAE     Notary Signature
                  STATE OF      Notary Public
                  TENNESSEE    Title of Officer
                  NOTARY PUBLIC   My Commission Expires: _03-05-2025_
                  COUNTY OF SMITH seal]

TENNESSEE PARTIAL CLAIM DEED OF TRUST                                      Page 4 of 4
                                                                                                                  Rev. 06/15

EXHIBIT "A"

Tract 1

A certain tract or parcel of land situate in the 12th Civil District of Robertson County, Tennessee, described as follows, to wit:

BEGINNING at an iron post corner to Bessie Elliott whose deed is found in Deed Book 100, Page 86, Register's Office for Robertson County, Tennessee, said post being in the west margin of Sycamore Road and being the most southeast corner of Elliott and the most northeast corner of this tract and continuing as follows; with the west margin of Sycamore Road South 3 degrees 57' 05" West 50.0 feet to an iron pin, said pin being a new corner to Ivan Bell, thence with a new line to Ivan Bell South 89 degrees 34' 43" West 650.0 feet to an iron pin, thence South 73 degrees 57' 18" West 211.08 feet to a point in the center of a branch with an iron pin 5 feet on the east bank, thence with the center of the branch South 3 degrees 47' 19" West 263.84 feet to a point in the center of the branch, thence North 86 degrees 13' 45" West, passing an iron pin at 5 feet a total of 468.80 feet to an iron pin, thence North 3 degrees 01' 57" East 338.21 feet to an iron pin in the line of W.G. Roberts whose deed is found in Deed Book 269, Page 249, Register's Office for Robertson County, Tennessee, thence with the line of Roberts, L.D. Hornbuckle and Elliott North 89 degrees 40' 0" East 1323.61 feet to the point of beginning as per survey by Jack L. Head, RLS Tenn. No. 670, whose address is 2127 Memorial Blvd., Springfield, Tennessee, dated June 17, 1991.

and,

Tract 2

Being a tract of land in the 12th Civil District of Robertson County, more accurately described as follows:

Beginning at an iron pin, said pin being a common corner to Lot 15 of Bellwood Subdivision Section 2; thence with the easterly line of said Lot 15 N 06 deg. 38' 12" E, 247.81' to a existing iron pin said pin being a common corner to Lots 14 and 15 of said Bellwood Section 2, thence now leaving the line of said Bellwood Section 2, S 79 deg. 16' 33" E, 468.80' to a existing iron pin, thence N 10 deg. 43' 43' E, 263.58' to a existing iron pin, thence N 80 deg. 54' 30" E, 25.00' to a set iron pin, thence S 10 deg. 43' 43" E, 272.06'; to a set iron pin, thence S 15 deg. 52' 21" W, 166.93' to a set iron pin, thence N 83 deg. 07' 37" W, 103.67' to a set iron pin, thence S 11 deg. 05' 15" W, 50.00' to a set iron pin, thence N 83 deg. 07' 37" W, 356.73' to the point of beginning.

Being the same property conveyed to the grantors by deed of record in Book __1985__, Page __347__, Register's Office for Robertson County, Tennessee.

**PIN: 132 026.00**

EXHIBIT "A"

## Certificate of Authenticity

I, Jeri Jarquin, do hereby make oath that I am a licensed attorney and/or the custodian of the original version of the electronic document tendered for registration herewith and that this electronic document is a true and exact copy of the original document executed and authenticated according to law on  05/06/2023  .

Dated: 05/17/2023

Name: Jeri Jarquin
Title: Associate


State of Texas

County of Dallas

Sworn to and subscribed before me on 5/17/2023.

Notary Public: Megan Kirby
My Commission Expires: 06/11/2025

MEGAN KIRBY
My Notary ID # ▮▮▮
Expires June 11, 2025